**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JHON F. CARDONA, : <br> : <br> Defendant. : | Civil Action No. 09-374 (JAG) <br><br> **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of plaintiff, United States of America ("Plaintiff"), seeking the entry of default judgment against defendant, Jhon F. Cardona ("Defendant"), pursuant to FED. R. CIV. P. 55. For the reasons set forth below, the motion will be granted.

**I. FACTS**

On March 12, 2008, the Internal Revenue Service ("IRS") served a notice of levy on Defendant, with respect to amounts due to Guido's 46 Restaurant, Inc. ("Taxpayer"), pursuant to a business sale agreement. (Compl. ¶ 8.) On that date, Taxpayer owed $7,118.50[1] to the United States in connection with unpaid employment taxes, interest, and penalties for the fourth quarter

---

[1] As of April 30, 2009, statutory interest raised this amount to $7,678.59. (Decl. of Wendy Reynolds, attached to United States' Mot. for Entry of Default J. [hereinafter "Reynolds Cert."] ¶ 4.)

1

of 2003. (Id. at ¶ 9.) At that time, Defendant was holding property belonging to Taxpayer, in the form of payments due to Taxpayer pursuant to a business sale agreement, in excess of the amount owed to the United States. (Id. at ¶¶ 10, 11.) Defendant has failed and refused to surrender the $7,118.50 to the United States. (Id. at ¶ 12.)

## II. STANDARD

A district court can enter a default judgment, pursuant to FED. R. CIV. P. 55(b)(2). This rule states, in pertinent part:

> In all other cases, the party must apply for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2). Further, the ultimate decision whether to enter default judgment in any given case "is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). See also F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d

2

702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 65 (1944).

### III. JURISDICTION

Before default judgment may be entered against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

### A. Subject Matter Jurisdiction

As this case involves the IRS and the United States as the plaintiff, this Court finds that subject matter jurisdiction is proper under 28 U.S.C. § 1340 ("The district courts shall have

original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue."), and 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.").

### B. Personal Jurisdiction

In the instant case, Defendant is a resident of New Jersey. (Compl. ¶ 6.) Thus, this Court finds that it can exercise personal jurisdiction against Defendant properly.

### IV. ANALYSIS

Defendant has failed to appear, or otherwise plead, in response to the Complaint, which was filed on January 26, 2009 and served on Defendant on January 22, 2009. (Docket Entry Nos. 1, 3.) Plaintiff appropriately filed an application for entry of default with this Court, (Docket Entry No. 4), and the Clerk entered default on April 15, 2009, prior to Plaintiff's filing the motion for an entry of default judgment, (Docket Entry No. 5). This Court finds that default judgment is appropriate under FED. R. CIV. P. 55 (b)(2).

### V. DAMAGES

Plaintiff asserts that the initial levy amount was $7,118.50. As of April 30, 2009, statutory interest raised this amount to $7,678.59. (Reynolds Cert. ¶ 4.) This Court concludes that, based on the levy and the Certification of Wendy Reynolds, this amount is appropriate.

## VI. CONCLUSION

For the reasons set forth above, this Court grants the motion for default judgment and awards damages in the amount of $7,678.59.

Dated: July 31, 2009

_____
JOSEPH A. GREENAWAY, JR., U.S.D.J.